UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GRETCHEN A. HOWARD,

            Plaintiff,

v.

LNV CORPORATION, and ELLINGTON
MORTGAGE PARTNERS LP,

            Defendants.

**DECISION AND ORDER**

6:16-CV-06164 EAW



---

## INTRODUCTION

Plaintiff Gretchen A. Howard ("Plaintiff") filed this action on March 15, 2016, against Defendants LNV Corporation ("LNV") and Ellington Mortgage Partners LP ("Ellington") (together "Defendants").[1] (Dkt. 1). Plaintiff filed an amended complaint on May 27, 2016. (Dkt. 2). Plaintiff seeks to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship). (*Id.* at 1). The amended complaint is insufficient to invoke the Court's subject matter jurisdiction. (*See* Dkt. 18 at 1). On December 30, 2016, the Court ordered Plaintiff to show cause as to why this action should not be dismissed for lack of jurisdiction. (*Id.*). Plaintiff was required to show cause by January 20, 2017. (*Id.* at 4). Plaintiff has not responded to the Court's Order.[2]

---

[1] The suit was initially filed by both Plaintiff and Frank J. Howard. (Dkt. 1). Mr. Howard voluntarily withdrew as co-plaintiff on August 30, 2016. (*See* Dkt. 14).

[2] The Court notes that the Order to Show Cause sent to Plaintiff was returned as undeliverable. (Dkt. 21). Plaintiff has an affirmative obligation to inform the Court of a change of address, and her failure to do so does not require the Court to postpone

The Court also permitted Defendants to respond to the Order. (*Id.* at 4). Both Defendants responded, providing further information about their respective citizenships. (Dkt. 19; Dkt. 20).

Because the Court is not satisfied that it has subject matter jurisdiction, the case must be dismissed.

This Court is bound by the "inflexible rule" requiring the Court "without exception" to determine *sua sponte* if jurisdiction is lacking. *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008); *see, e.g., Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("[C]ourts are obligated to consider *sua sponte* [subject-matter jurisdiction] issues that the parties have disclaimed or have not presented. Subject-matter jurisdiction can never be waived or forfeited.") (internal citation omitted); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). "If a court perceives at any stage of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the action." *Cave*, 514 F.3d at 250; *see, e.g.*, Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

deciding issues before it. *See* L.R. Civ. P. 5.2(d) ("[A] pro se litigant must inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice.").

"[I]t is well established that [t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (internal citations omitted).

Plaintiff is a citizen of New York. (Dkt. 2 at 1). The amended complaint styles LNV as a corporation. *(Id.)*. A corporation is deemed a citizen of "every State and foreign state by which it has been incorporated **and** of the State or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332 (emphasis added); *see, e.g., Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). The amended complaint alleges that "LNV Corporation is organized in **or** its primary place of business is Texas." (Dkt. 2 at 1 (emphasis added)). In its response to the Order to Show Cause, LNV avers that it is a corporation existing under the laws of Nevada, with its primary place of business in Plano, Texas. (Dkt. 19 at 1). Thus, LNV is a citizen of Nevada and Texas, and Plaintiff's citizenship is diverse from that of LNV.

However, complete diversity is required. The amended complaint styles Ellington as a limited partnership. (Dkt. 2). The citizenship of a limited partnership is co-equal with the citizenship of each of the partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196-96 (1990); *see, e.g., Herrick Co.*, 251 F.3d at 322 ("[F]or purposes of establishing diversity, a partnership has the citizenship of each of its partners.").

Defendant Ellington Mortgage Partners LP converted from a limited partnership to a limited liability corporation under the laws of the state of Delaware in 2011; it is now called Ellington Mortgage Partners LLC. (Dkt. 9-5 at 8). The LLC has **not** been

substituted for the LP as a party to this action. Fed. R. Civ. P. 25(c) allows for substitution, but requires a motion to effectuate such substitution. *See* Fed. R. Civ. P. 25(c) ("If an interest is transferred, the action may be continued by or against the original party unless the court, *on motion*, orders the transferee to be substituted in the action or joined with the original party.") (emphasis added). Substitution is not required after an interest has been transferred. *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (2d Cir. 1993). "When a defendant corporation has merged with another corporation, for example, *the case may be continued against the original defendant* and the judgment will be binding on the successor even if the successor is not named in the lawsuit." *Id.* (emphasis added).

Ellington's response to the Court's Order to Show Cause does not provide any information regarding the LP's partners' citizenship. (*See* Dkt. 20). It only describes the conversion from a limited partnership to a limited liability corporation, and the LLC's citizenships. (*See id.*). Thus, there is insufficient information in the record for the Court to find that it has subject matter jurisdiction to decide this case.

Even if the LLC was substituted for the LP, the Court would lack jurisdiction. An LLC is a citizen of each state in which one of its members is a citizen. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). The LLC has one member—Ellington Capital Management LLC ("ECM"). (Dkt. 20 at ¶ 10). ECM has "one or more members who are citizens of the State of New York." (*Id.* at ¶ 11). ECM's citizenship in New York means that the LLC is a citizen of New York. If the LLC were a party to the case, there would not be complete diversity and the Court

would lack subject matter jurisdiction. *See Bayerische Landesbank*, 692 F.3d at 49 (finding that a subsidiary LLC's citizenship was co-equal with the citizenship of the parent LLC's members); *DirecTV Latin Am. v. Park 610, LLC*, No. 08 Civ. 3987(VM)(GWG), 2009 WL 692202, at *5 (S.D.N.Y. Mar. 18, 2009) (same); *Tri-Cty. Metro. Transp. Dist. of Or. v. Butler Block, LLC*, Civil No. 08-259-AA, 2008 WL 2037306, at *3 (D. Or. May 7, 2008) (holding that the defendant's parent LLC's citizenship in the same state as the plaintiff destroyed complete diversity).

Plaintiff has not met her burden of demonstrating that complete diversity exists. Similarly, Defendants' responses to the Order to Show Cause fail to show complete diversity. The Court lacks sufficient information to find that it has subject matter jurisdiction to decide the case. Therefore, the case must be dismissed without prejudice. The Clerk of Court is ordered to terminate the case for lack of subject matter jurisdiction.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: February 3, 2017
      Rochester, New York